REGINO CABASSA, JR., demandante y recurrido, *v.* ALFREDO CEDEÑO RODRÍGUEZ, demandado y recurrente.

*Número:* 113    *Resuelto:* 5 de octubre de 1962

*Alfredo Cedeño Rodríguez, pro se,* y *José Rafael Gelpí,* abogado del recurrente; *José Sabater,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y y Dávila.

PER CURIAM: El recurrido inició acción en cobro de dinero contra el recurrente. Le reclama en total $21,700. De éstos, $17,700 corresponden a 59 mensualidades del canon de arrendamiento de un inmueble perteneciente al demandante. Los $4,000 restantes provienen de un préstamo personal. Se dictó sentencia por $21,200, ya que el tribunal recurrido dio por probado que el recurrente le entregó en una ocasión al demandante la cantidad de $500.00.

El recurrente impugna la apreciación de la prueba que hizo el tribunal de instancia. No apunta otra razón para sostener su recurso. Procede pues exponer la prueba que tuvo ante su consideración el juez sentenciador.

El recurrente Cedeño, compró un solar a Torres con dos estructuras en el año 1949. El precio convenido fue de $22,000. En el año 1952 estaba adeudando a Torres $12,500 de los $22,000. Fue apremiado para que satisficiera el remanente. Cedeño adeudaba para esa fecha a Cabassa, aquí recurrido, la suma de $4,000 que éste le había facilitado para pagar una acreencia del Banco de Ponce. Cedeño y Cabassa convinieron a fines del 1952 que el primero le vendería el inmueble comprado a Torres, con excepción de la estructura donde el recurrente mantiene un negocio, por la cantidad de $12,500. Cabassa entregaría en el acto de la firma la suma de $500 a Torres y los $12,000 remanentes, los pagaría a razón de $250 mensuales por 48 meses. Con el pago de cada mensualidad se harían efectivos los intereses a razón del 7% anual. Torres compareció en esta escritura aceptando la referida forma de pago. Se operó, pues, una novación. Torres descontó los pagarés en el Banco de Ponce. Cabassa eventualmente hizo efectiva la totalidad de la suma adeudada a Torres que con los intereses montó a $14,218.82. Como parte de la transacción celebrada entre Cedeño y Cabassa, este último convino en arrendarle el inmueble que adquirió por un canon de $300 mensuales. A la fecha de la radicación de la demanda adeudaba 59 mensualidades ascendentes a $17,700. Reclamó esta cantidad más los $4,000 a que antes hemos aludido. Ésta es la versión del demandante-recurrido.

Veamos ahora la del demandado-recurrente. Explica que cuando convino con Cabassa en venderle la finca fue para evitar que Torres le ejecutara. Cabassa era su amigo y accedió a ayudarle. Admite que Cabassa le había facilitado $4,000 pero que él le había devuelto $1,700. En cuanto a

los $300 que Cabassa dice que debía pagarle mensualmente afirma que precisamente era para abonarle a Torres la mensualidad y los intereses.    En la contestación a la demanda manifiesta que sólo pagó dos o tres mensualidades a Cabassa pero que descontinuó porque éste utilizaba el dinero en otras cosas y no lo pagaba a Torres.    En el juicio manifestó que sólo adeudaba $4,800 de la cantidad total de $12,000 que Cabassa, de acuerdo con la escritura, le quedó adeudando a Torres.    Específicamente afirma que en una ocasión le entregó $500 en efectivo a Cabassa.    En una contrademanda que radicó Cedeño alegaba que Cabassa le adeudaba $1,148.62 por artículos tomados a crédito en su negocio pero durante el juicio no se presentó prueba sobre este extremo.

El recurrente para sostener su posición de que el juez sentenciador apreció erróneamente la prueba, apunta en primer término que la venta se hizo por menos del valor pagado por éste cuando compró el inmueble y que el demandante dejó que transcurrieran casi cinco años para incoar la acción en cobro de los cánones atrasados.    Señala además que la versión al efecto de que Cedeño se comprometió a pagarle a Cabassa $300 mensualmente como canon de arrendamiento, no se incluyó en la escritura de compra cuando lo natural era que se hubiera hecho.

En cuanto a la primera, es de conocimiento general que una persona adeudando una cantidad sustancial de dinero y que es exigible no está en condiciones de obtener el mejor precio sobre las fincas que intente vender.  Además, en este caso se estipuló que el comprador le arrendaba el inmueble que vendía y podía continuar con el negocio establecido.   Y en cuanto al precio, en la transacción celebrada no se incluyó el edificio donde estaba el negocio, que se dice tiene un valor de $5,000.  A los $12,500 pagados por el demandante deben sumársele los $4,000 que le adeudaba el demandado. El testimonio del propio demandante establece que los $4,000 pasaron a formar parte del precio.  Declaró a ese efecto:

"Pues el negocio era hacer la escritura porque ya este señor me debía anteriormente cuatro mil dólares y no me podía pagar, y entonces como no podía pagar me dijo que para no perder eso lo único que podía hacer era que yo comprara y le arrendara para quitarse de encima a Miguel Torres que lo tenía en Corte ya." (T. de E. pág. 37.) Y a la pág. 34 había expresado: "Bueno, desde el día que se hizo la escritura, el diez y ocho de noviembre de mil novecientos cincuenta y dos, él se comprometió conmigo a pagarme trescientos dólares mensuales. A base de eso, fue que hice el negocio, y como tenía metidos dos mil dólares anteriormente y después los dos mil dólares que pagué, yo me hice cargo de la propiedad y pagué la hipoteca en su totalidad."

Así, el precio de venta de la finca fue de $16,500 reservándose el vendedor la estructura donde estaba establecido su negocio, además de seguir disfrutando de la propiedad en virtud del contrato de arrendamiento.

En cuanto al lapso de tiempo transcurrido para iniciar la acción—cinco años—el demandante explicó a satisfacción del tribunal de instancia que su abogado era el Lic. Báez García, a quien le había encomendado la gestión del cobro pero que éste posponía tomar acción aplazándolo una y otra vez. El Lic. Báez era amigo del demandado y no quería iniciar el pleito.

El hecho de no haberse incluido el contrato de arrendamiento en la escritura de compraventa, carece de importancia. Las partes pudieron convenir no hacerlo y el juez le dio crédito a esa prueba. El testimonio del propio demandado corrobora la versión del demandante. El demandado admite que se comprometió a pagarle a Cabassa $300 mensuales, pero con el propósito de que éste pagare los plazos e intereses de la deuda con Torres, y que si descontinuó su pago fue porque Cabassa no le pagaba a Torres. Si en verdad eso era el convenio ¿por qué no le pagó directamente a Torres?

¿qué se lo impedía? Y la prueba revela que Cabassa pagó a Torres los $12,000 y los intereses que en total ascendieron a $14,218.82.

Analizados los principales motivos que se aducen para sostener que el juez de instancia apreció la prueba erróneamente, encontramos que sólo cometió el error de no acreditar como parte del precio pagado por Cabassa a Cedeño los $4,000 que este último adeudaba al primero. *Procede, pues, modificar la sentencia que dictó el Tribunal Superior, Sala de Mayagüez, con fecha 28 de enero de 1959, eliminando la partida de $4,000 y así modificada, confirmarla.*